United States District Court
Southern District of Texas
**ENTERED**
March 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN C. LYNN, <br> (TDCJ-CID #1496095) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-17-0115 |
| VANESSA JONES, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Sean C. Lynn, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), sued in January 2017, alleging a denial of due process, improper classification, retaliation, and denial of equal protection. Lynn, representing himself and without prepaying the filing fee, sues Vanessa Jones, of the TDCJ-CID Classification Department.

The threshold issue is whether Lynn's claims may proceed. Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly

does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

Lynn's claims are difficult to follow. He alleges that from June 2012 to May 2013, while he was assigned to the Telford Unit, two correctional officers injected him with syphilis as a "hatred attack." Lynn alleges that these officers fed him "Johnny sacks loaded with feces"; placed him in solitary confinement for extended periods; stole his property; allowed inmates to write to his thirteen-year-old daughter; opened his mail; altered mail orders; forged his name on stolen checks; destroyed education records; stole $1,300.00 from him; tampered with his witnesses; and allowed inmates to correspond with homosexuals using his name. He alleges that Jones then transferred him to the Allred Unit, where he was denied medical treatment. In 2014, after the Montford Unit Psychiatric Department classified Lynn as a single-cell inmate, he was transferred again, to the Smith Unit, where he was told that they could not accommodate the single-cell restriction. Lynn alleges that he was housed with a series of homosexual inmates because he had contracted syphilis. Lynn alleges that he repeatedly requested help from the Classification Department, which was refused.

Lynn alleges that on February 2, 2016, Chairman Jones reclassified him and transferred him to the Smith Unit. He alleges that three administrators at the Smith Unit had been employed at the Allred Unit and implemented the campaign of hatred against him. Lynn alleges that when he arrived at the Smith Unit, he was classified as a G-2 inmate, but false disciplinary charges against him resulted in a reduction of custodial classification to G-5. Lynn alleges that on November 25, 2016,

he complained to the senior warden at the Smith Unit about: the theft of mail he wrote to family members; forged letters from him to homosexuals; the opening of his legal mail; and the transmission of sexually transmitted diseases by staff. Lynn alleges that he was injected with sexually transmitted diseases on September 19, 2016, while he was at the Smith Unit, but he has not been treated.

Lynn seeks compensatory damages of $150,000.00, and an injunction compelling the defendants to transfer him away from the correctional officers who have injected him with diseases and otherwise maltreated him.

Lynn has raised virtually identical claims in previous federal cases. In Civil Action Number 7:15-0086, Lynn alleged in part that:

1. he was infected with syphilis and strains of HIV through injections given by prison staff;
2. during a medical appointment, Plaintiff observed Nurse Bradberry sitting at her computer repeatedly closing down a flashing red box with big white letters that read "ALERT!" which terrified Plaintiff to know that staff would watch him die;
. . .
16. security officers constantly poison his food which has caused internal bleeding, paralysis in his left leg, diarrhea, and erectile dysfunction;
17. there are wireless cameras and microphones in his cell and in the shower that are monitored by inmates with cell phones who report to prison staff; and,
18. his mail has been opened, altered, forged, and destroyed by Defendants and by other inmates.

See *Lynn v. John Doe*, 7:15-CV-0086-O (N.D. Tex. 2017). On February 9, 2017, the United States District Court for the Northern District of Texas, Wichita Falls Division dismissed this complaint as "fantastic or delusional scenarios," or "ris[ing] to the level of the irrational or the wholly incredible." Lynn raised many of the same claims in, *Lynn v. Stephens*, 3:13-CV-4735-D (N.D. Tex. 2014) in the United States District Court in the Northern District of Texas, Dallas Division.

On January 28, 2014, the court dismissed Lynn's complaint as being fanciful and delusional.

As in the two prior cases, Lynn's pleadings here do not present a logical or coherent set of facts supporting any claim for relief. Instead, his complaint presents fantastic or delusional scenarios. Dismissal is warranted.

Lynn's civil rights claims are dismissed as frivolous under 28 U.S.C. § 1915A(b)(1). His motion to proceed without prepayment of fees, (Docket Entry No. 3), is granted. Any remaining pending motions are denied as moot.

The TDCJ-CID must deduct 20% of each deposit made to Lynn's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Southern District of Texas, Attention: Manager of the Three-Strikes List.

SIGNED on March 2, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge